QUESTION: Should the constitutional amendment proposed by House Joint Resolution 1709 (amendment relating to discipline, removal and retirement of justices and judges) be submitted to the electors at a special election to be held March 9, 1976, or at the general election to be held in November 1976?
SUMMARY: The constitutional amendment proposed by House Joint Resolution 1709 must be submitted to the electors at the general election to be held in November 1976 unless the Legislature, in the manner provided by s. 5(a), Art. XI, State Const., enacts a law providing for the submission of such proposed amendment at an earlier special election. The constitutional provisions bearing on this question appear at s. 5(a), Art. XI, State Const., which subsection reads in pertinent part: (a) A proposed amendment to or revision of this constitution, or any part of it, shall be submitted to the electors at the next general election held more than ninety days after the joint resolution . . . proposing it is filed with the secretary of state, unless, pursuant to law enacted by the affirmative vote of three-fourths of the membership of each house of the legislature and limited to a single amendment or revision, it is submitted at an earlier special election held more than ninety days after such filing. (Emphasis supplied.) It is clear from the foregoing that any such proposed amendment or revision must be submitted at the next general election which is held more than 90 days after the filing of the proposed amendment or revision, unless the Legislature provides — in the manner established by s. 5(a), Art. XI — for such a proposed amendment or revision to be submitted at an earlier special election. Cf. AGO 073-103. However, in order for a proposed amendment or revision to be submitted to the electors at a special election, provision for such special election must be made "pursuant to" a law enacted by the affirmative vote of three-fourths of the members of both houses of the Legislature. Although the Legislature enacted such a law (Ch. 75-245, Laws of Florida) providing for a special election to submit to the electors the constitutional amendment proposed by Senate Joint Resolution 1061, I have found no such law providing for a special election for the submission to the electors of the constitutional amendment proposed by House Joint Resolution 1709. Accordingly, unless and until the Legislature enacts a law, in the manner established by s. 5(a), Art. XI, State Const., providing for an earlier special election for the submission of the constitutional amendments proposed by House Joint Resolution 1709, such proposed amendments must be submitted to the electors at the general election to be held in November 1976, which will be the "next general election held more than ninety days after the joint resolution. . . ." In reaching the foregoing conclusion, I have not overlooked the fact that the introductory paragraph of House Joint Resolution 1709 stated that the proposed amendment is to be submitted to the electors . . . at the general election to be held in November 1976, or, if authorized by three-fourths of the membership of each house of the legislature, at a special election to be held March 9, 1976. . . . (Emphasis supplied.) Further, I am aware of the fact that the journals of the House and the Senate reflect that more than three-fourths of the membership of each body voted in favor of the subject joint resolution. Such vote is, however, ineffective with respect to the establishment of an earlier special election for submission of the proposed amendment. As noted above, provision for such a special election must be "pursuant to law," and it is clear that a joint resolution of the Legislature is not a law. In re Advisory Opinion, 31 So. 348 (Fla. 1901). Accord: State ex rel. Davis v. Green, 116 So. 66 (Fla. 1928); Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945); cf. AGO 067- 64 and authorities cited at p. 1028, Black's Law Dictionary (Revised Fourth Ed.), and Futch v. Stone, 281 So.2d 484
(Fla. 1973).